UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY D. KINGERY, | ) | Case No. 5:25-cv-1656 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Bradley D. Kingery, a patient at the Heartland Behavioral Healthcare facility, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, without a lawyer, naming the State of Ohio as the Respondent. He challenges the appointment of counsel in his criminal case in Belmont County, Ohio; however, the charges against him in that case were dismissed without prejudice before trial on July 11, 2025. He asks the Court to revoke his attorney's actions "in the State of Ohio and ANYWHERE ELSE in the United States of America and worldwide wherever they may be present." (ECF No. 1, PageID #7.)

**STATEMENT OF FACTS**

Mr. Kingery was charged in the Belmonty County Court of Common Pleas with stalking. *See State of Ohio v. Kingery*, No. 25CRB00081E (Belmont Cnty C.P. Ct. July 11, 2025). The State trial court referred him for a competency evaluation. Graham Ellis, D.O., of Heartland Behavioral Healthcare evaluated him on June 24, 2025. Dr. Ellis determined that Mr. Kingery was not competent to stand trial and

was not restorable to competency within the guidelines and timeframe of Section 2945.38 of the Ohio Revised Code. The prosecution and MR. Kingery's defense counsel stipulated to the report. Then, the State trial court dismissed the charges without prejudice and referred Mr. Kingery to the probate court for a determination of civil commitment to a psychiatric facility.

## STATEMENT OF THE CASE

Petitioner challenges the appointment of counsel in his criminal case. He claims that his counsel was appointed unlawfully and without his consent on the motion of the prosecutor. Also, he also contends that the prosecutor is engaged to his legal mother and, therefore, had a conflict of interest. He claims that this appointment of counsel has led to unlawful proceedings after his commitment to Heartland Behavioral Healthcare. No such proceedings, however, appear on the docket. The charges were dismissed, and the case was closed before his commitment. He asks the Court to revoke all actions of his attorney.

## GOVERNING LEGAL STANDARD

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner appears *pro se*, the allegations in his petition must be construed in his favor, and his

pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## ANALYSIS

Petitioner cannot file a habeas petition under 28 U.S.C. § 2241 to challenge decisions in his State criminal case because he is not being held in custody either as a pretrial detainee or a convicted prisoner. The charges were dismissed before trial. He is being held in a psychiatric hospital as the result of a civil commit procedure by the probate court. Section 2241(c) states that the writ of habeas corpus shall not extend to a prisoner unless:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c). The "in custody" requirement is jurisdictional; if a petitioner is not "in custody" at the time the petition is filed, the Court lacks jurisdiction to consider it. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Further, he must be "in

3

custody" under the conviction or sentence under attack at the time his petition is filed," *id.* at 491–92, or under a consecutive sentence imposed at the same time as the conviction or sentence under attack, *see Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Petitioner challenges the appointment of counsel in a criminal case that was dismissed before trial. He is not in custody under any judgment in that case. The Court lacks jurisdiction over the petition.

Moreover, Petitioner's request for revocation of the orders appointing counsel for him in the criminal case is moot. Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' " *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This requirement must be met in order to file a claim in federal court and must be met in order to keep it there. *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). A case or controversy, at a minimum, requires that "the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A habeas petition is moot where the court can no longer provide meaningful relief. *See United States v. Rutledge*, Nos. 3:10-cr-13, 3:13-cr-179 & 3:15-cv-356, 2016 WL 3582123, at *6 (S.D. Ohio June 28, 2016). Here, the charges were dismissed. Petitioner's counsel no longer represents him in that case. His objections to the appointment of counsel in his criminal case and his request to have counsel removed are moot.

Finally, even if Petitioner's current civil commitment could be construed as flowing from the criminal case, and his grounds for relief were not moot, he could not proceed with his habeas action. His civil commitment was decreed by a State court judge. To the extent his petition could be liberally construed as attacking that order, he would be required to exhaust his remedies in State court before filing his petition. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). Because Section 2254 contains restrictions on filing successive petitions, the Court will not construe a petition as one filed under 28 U.S.C. § 2254.

## CONCLUSION

For these reasons, the Court **DENIES** Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2243. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: October 22, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio